IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs January 24, 2024

## STATE OF TENNESSEE v. ALEXANDER RUBEN CARINO

**Appeal from the Criminal Court for Cumberland County**
No. 09-0016A          Wesley Bray, Judge

_____

### No. E2023-01089-CCA-R3-CD
_____

The Defendant, Alexander Ruben Carino, filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. He alleged that his consecutive sentences were illegal because the trial court made no findings that consecutive sentences were appropriate. The trial court denied the motion after finding that the sentences were imposed pursuant to the Defendant's valid plea agreement. On our review, we respectfully affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Criminal Court Affirmed**

TOM GREENHOLTZ, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and KYLE A. HIXSON, JJ., joined.

Alexander Ruben Carino, Hartsville, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Christian N. Clase, Assistant Attorney General; Bryant C. Dunaway, District Attorney General; and Philip A. Hatch, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTUAL BACKGROUND

On July 16, 2010, the Defendant pled guilty to two counts of second degree murder. As part of the written plea agreement, the Defendant agreed to serve a sentence of twenty-one and one-half years for each count and to have the trial court align the sentences consecutively for a total effective sentence of forty-three years. *See Carino v. State*, No. M2017-00345-CCA-R3-HC, 2017 WL 3311196, at *1 (Tenn. Crim. App. Aug. 3, 2017),

*perm. app. denied* (Tenn. Nov. 17, 2017). The State then agreed to dismiss a charge of attempted especially aggravated robbery.

Some thirteen years later in July 2023, the Defendant filed a pro se motion pursuant to Tennessee Rule of Criminal Procedure 36.1, arguing that his agreed sentence was illegal.[1] In his motion, the Defendant asserted three grounds for relief. First, he argued that the trial court must make findings supporting consecutive sentences and that parties may not simply agree to them. Second, he asserted that the trial court did not make specific findings required by Tennessee Code Annotated section 40-35-115, *State v. Wilkerson*, 905 S.W.2d 933 (Tenn. 1995), or Tennessee Rule of Criminal Procedure 32. Finally, the Defendant contended that his plea was void because he did not receive the effective assistance of counsel.

On July 19, 2023, the trial court entered an order summarily denying the Defendant's motion. The court found that Tennessee Rule of Criminal Procedure 36.1(c)(3) limits the circumstances under which relief may be granted where the sentence is imposed pursuant to a plea agreement. The trial court also concluded that because "the Defendant has benefitted from the agreement," the motion should be denied.

The Defendant filed a timely notice of appeal on July 31, 2023.

## STANDARD OF APPELLATE REVIEW

Our supreme court has recognized that "the first question for a reviewing court on any issue is 'what is the appropriate standard of review?'" *State v. Enix*, 653 S.W.3d 692, 698 (Tenn. 2022). The principal issue in this case is whether the trial court correctly found that the Defendant failed to state a colorable claim for correction of an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. This question is one of law that we review de novo on appeal. *See State v. Wooden*, 478 S.W.3d 585, 589 (Tenn. 2015); *State v. Watson*, No. E2022-01321-CCA-R3-CD, 2023 WL 5925717, at *8 (Tenn. Crim. App. Sept. 12, 2023) ("Whether a sentence is illegal is a question of law that we review de novo."), *no perm. app. filed*.

---

[1] This motion was the Defendant's second motion to correct an illegal sentence. The first motion, which is not included in the appellate record, was summarily denied by the trial court on May 24, 2023. The Defendant did not appeal this order but instead filed the second motion that is now before this Court.

# ANALYSIS

Tennessee Rule of Criminal Procedure 36.1 provides that a defendant "may seek to correct an illegal sentence by filing a motion . . . in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a)(1). A sentence is illegal if it "is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2).

As our supreme court has observed, "mistakes in sentencing are inevitable, but few sentencing errors render sentences illegal." *Wooden*, 478 S.W.3d at 595. Sentencing errors may be clerical, appealable, or fatal errors, but "only fatal errors render sentences illegal." *State v. Reid*, 620 S.W.3d 685, 689 (Tenn. 2021) (citation and internal quotation marks omitted). Fatal errors are those errors that are "so profound as to render the sentence illegal and void." *State v. Brown*, 479 S.W.3d 200, 208 (Tenn. 2015) (citation and internal quotation marks omitted). These errors may include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Wooden*, 478 S.W.3d at 595.

In this case, the Defendant argues that the consecutive sentences imposed pursuant to his plea agreement are illegal. His principal argument is that the trial court failed to make appropriate findings to support consecutive sentences.

Respectfully, this claim is without merit. Although a trial court's failure to make appropriate findings justifying consecutive sentences may be remedied on direct appeal, the failure does not render the consecutive sentences *illegal*. Indeed, we have specifically held that "a failure to make required findings in support of consecutive sentencing is not a fatal error that would render the sentences illegal and entitle the [Defendant] to either habeas corpus or Rule 36.1 relief." *State v. Moses*, No. W2019-01219-CCA-R3-CD, 2020 WL 4187317, at *4 (Tenn. Crim. App. July 20, 2020), *perm. app. denied* (Tenn. Dec. 4, 2020).

Moreover, the Defendant's sentences in this case were imposed pursuant to a presumptively valid plea agreement. Because "consecutive sentencing is subject to plea negotiation," a defendant "can knowingly and voluntarily plead guilty pursuant to an agreement to serve sentences consecutively *even if none* of the statutory criteria for discretionary consecutive sentencing set out in Tennessee Code Annotated section 40-35-115 exist." *State v. Greenlee*, No. E2017-00282-CCA-R3-CD, 2017 WL 3841375, at *2 (Tenn. Crim. App. Sept. 1, 2017) (emphasis added) (citation and internal quotation marks

omitted), *perm. app. denied* (Tenn. Dec. 6, 2017); *Williams v. State*, No. 01C01-9506-CR-00190, 1996 WL 233982, at *5 (Tenn. Crim. App. May 9, 1996) (recognizing that a defendant's "plea agreement to serve consecutive sentences, where statutory factors suggesting consecutive sentencing may not exist, is not illegal and cannot be set aside"). Accordingly, because his consecutive sentences are not illegal, the Defendant is not entitled to relief pursuant to Rule 36.1.

## CONCLUSION

In summary, we hold that the Defendant's consecutive sentences imposed pursuant to a plea agreement are not illegal simply because the trial court did not make findings necessary to impose the sentences. We respectfully affirm the judgment of the trial court denying the Defendant's Rule 36.1 motion.

_____
TOM GREENHOLTZ, JUDGE